## United States District Court
## District of Massachusetts

———————————————————————
                      )

Anthony S. Giannasca,      )
                      )
                      )
     Plaintiff,        )
                      )
        v.          )     Civil Action No.
                      )     21-11741-NMG
PHH Mortgage Corp. et al.,  )
                      )
     Defendant.        )
———————————————————————)

### MEMORANDUM & ORDER

**GORTON, J.**

This putative class action arises from purportedly defective pre-foreclosure notices sent by defendants PHH Mortgage Corporation ("PHH") and Deutsche Bank National Trust Company, as Trustee of the IndyMac INDX Mortgage Loan Trust 2005-AR33, Mortgage Pass-Through Certificates, Series 2005-AR33 ("Deutsche Bank" and, together with PHH, "defendants") to plaintiff Anthony Giannasca ("Giannasca" or "plaintiff") and others similarly situated.[1] Giannasca seeks, <u>inter alia</u>, declaratory judgment that the notices and any subsequent foreclosures of properties of the plaintiffs are void.

———————————————

[1] Deutsche Bank avers that it is misidentified in the complaint by the inclusion of the limiting language "Under the Pooling and Servicing Agreement Dated December 1, 2005" after its legal title.

Defendants have moved to dismiss Giannasca's claims as barred by the doctrine of res judicata.  For the reasons that follow, that motion will be allowed.

## I.   **Background**

Giannasca is the owner of property located at 9 Joseph Street in Medford, Massachusetts ("the Property").  In November, 2005, he executed a mortgage ("the Mortgage") on the Property in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") in the approximate amount of $330,000.  In December, 2011, MERS assigned the Mortgage to Deutsche Bank.

In October, 2014, PHH, as servicer of the Mortgage, sent Giannasca a letter ("the Notice of Default") informing him that he was in default on his mortgage payments.[2]  Several months later, PHH sent Giannasca another letter, entitled "150 Day Right to Cure Your Mortgage Default" ("the First Right to Cure Letter").  That letter, in relevant part, informed him that

> After 7/2/2015 you can still avoid foreclosure by paying the total past due amount before a foreclosure sale takes place.  Depending on the terms of the loan, there may also be other ways to avoid foreclosure, such as selling your property, refinancing your loan, or voluntarily transferring ownership of the property to Deutsche Bank . . . .
>
> If you do not pay the total past due amount of $11[,]552.11 and any additional payments that may become due by 7/2/2015 you may be evicted from your home after a foreclosure sale.

---

[2] At the time, PHH was known as Ocwen Loan Servicing, LLC but for simplicity the Court will refer to both entities as "PHH".

> If Deutsche Bank . . . . forecloses on this property, it
> means the mortgagee or new buyer will take over ownership
> of your home.
>
> . . . .
>
> If your payment is not accepted or your payment is for less
> than the total amount due (which we may accept without
> waiving any of our rights), this matter will not be
> resolved.

Docket No. 12-2 (emphasis removed).

In April, 2016, Giannasca sued several parties, including PHH and Deutsche Bank, in Massachusetts Superior Court for Middlesex County, alleging, inter alia, breach of contract ("the Superior Court Action").  The Superior Court entered summary judgment for defendants in June, 2017, which was later affirmed by the Massachusetts Court of Appeals.[3] Giannasca v. Deutsche Bank Nat'l Trust Co., 2020 Mass. App. Ct. Unpub. LEXIS 672 (Mass. App. Ct. July 20, 2020)

In February, 2021, PHH sent Giannasca another right-to-cure letter ("the Second Right to Cure Letter" and, together, "the Right to Cure Letters") which was identical to the First Right to Cure Letter except that the dates were changed to May 4, 2021, and the amount due was changed to $162,163.85.

---

[3] The Notice of Default, the First Right to Cure Letter and the judgment in the Superior Court Action go unmentioned in the complaint but the Court may, and does, take judicial notice of those documents.  Andrew Robinson Int'l v. Hartford Fire Ins. Co., 547 F.3d 48, 51 (1st Cir. 2008) (explaining that "where the motion to dismiss is premised on a defense of res judicata . . . . the court may take into account the record in the original action").

In September, 2021, Giannasca commenced this action in
Massachusetts Superior Court for Middlesex County, on his own
behalf and putatively on behalf of all others similarly
situated, asserting claims for 1) declaratory judgment that
"default letter/right to cure notices" sent by defendants
contained misleading language and are "null and void" ("Count
I"), 2) violation of the power of sale, M.G.L. c. 183, § 21
("Count II"), 3) breach of contract ("Count III") and 4)
violation of M.G.L. c. 244, § 35A ("Count IV").  Defendants
timely removed the action to this court and moved to dismiss it
as barred by res judicata.

## II.  **Motion to Dismiss**

### A. Legal Standard

To survive a motion under Fed. R. Civ. P. 12(b)(6), the
subject pleading must contain sufficient factual matter to state
a claim for relief that is actionable as a matter of law and
"plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678
(2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570
(2007)).  A claim is facially plausible if, after accepting as
true all non-conclusory factual allegations, the court can draw
the reasonable inference that the defendant is liable for the
misconduct alleged. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d
1, 12 (1st Cir. 2011).

When rendering that determination, a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to judicial notice. Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011).  A court also may not disregard properly pled factual allegations even if actual proof of those facts is improbable. Ocasio-Hernandez, 640 F.3d at 12.  Rather, the relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw. Id. at 13.

### B. Application

Defendants have moved to dismiss the complaint as barred by the doctrine of res judicata which precludes a plaintiff from pursuing claims that were litigated in an earlier action, as well as those that were not previously litigated but could have been. Kobrin v. Bd. of Registration in Med., 832 N.E.2d 628, 634 (Mass. 2005); Silva v. City of New Bedford, 660 F.3d 76, 78 (1st Cir. 2011).  An earlier judgment has preclusive effect if 1) the prior action resulted in a final judgment on the merits, 2) the causes of the action alleged in both suits are sufficiently identical or related and 3) the parties are likewise sufficiently identical or closely related. Kobrin, 832 N.E.2d at 634; Airframe Systems, Inc. v. Raytheon Co., 601 F.3d 9, 14 (1st Cir. 2010).

-5-

The parties do not dispute that the Superior Court Action resulted in a final judgment on the merits or that the parties to each action are sufficiently identical.  Giannasca contends, however, that the instant claims could not have been litigated in the Superior Court Action because they were not available to him until the Massachusetts Supreme Judicial Court ("the SJC") rendered its decision in Pinti v. Emigrant Mortg. Co., 33 N.E.3d 1213 (Mass. 2015).

In Pinti, the SJC held that the failure of defendant mortgagee to send plaintiff mortgagor a notice of default strictly compliant with the relevant mortgage provision rendered the subsequent foreclosure void.[4] Federal Nat'l Mortg. Ass'n v. Marroquin, 74 N.E.3d 592, 593 (Mass. 2017) (citing Pinti, 33 N.E.3d at 1214).  The required standard of compliance with the notice-of-default provision was, prior to Pinti, an unsettled area of state law. Pinti, 33 N.E.3d at 1217-20.  Subject to exceptions not relevant here, Pinti was afforded an exclusively prospective effect, i.e. its strict compliance rule applied only to notices of default sent after the decision issued. See Marroquin, 74 N.E.3d at 593.

---

[4] Both Pinti and this action concern a standard Massachusetts form mortgage which contains the notice-of-default provision in paragraph 22.

Giannasca argues that, notwithstanding the fact that the Superior Court Action was filed after Pinti was decided, the objection asserted by the plaintiffs in Pinti was unavailable to him in that action because he received notice of his default prior to Pinti. He submits that, as a result, res judicata does not preclude him from maintaining a Pinti-style objection to the purportedly non-compliant language in the Second Right to Cure Letter.

Giannasca's reliance on Pinti is not, however, well-founded because the language to which he objects does not appear in the Notice of Default but rather in the Right to Cure Letters. Pinti demands strict compliance only with

> (1) terms directly concerned with the foreclosure sale authorized by the power of sale in the mortgage, and (2) those prescribing actions the mortgagee must take in connection with the foreclosure sale — whether before or after the sale takes place.

Pinti, 33 N.E.3d at 1220-21.

Pinti has no application to the Right to Cure Letters. Unlike the Notice of Default, the Right to Cure Letters, sent pursuant to M.G.L. c. 244, § 35A, neither concern the power of sale nor prescribe any action that must be taken in connection with foreclosure. U.S. Nat'l Bank Ass'n v. Schumacher, 5 N.E.3d 882, 884 (Mass. 2014). Instead, § 35A

> is designed to give a mortgagor a fair opportunity to cure a default before the debt is accelerated and before the foreclosure process is commenced.

Id. at 890.

In Schumacher, the SJC reasoned that because the right to cure was a "preforeclosure undertaking", § 35A was not a statute "relating to the foreclosure of mortgages by the exercise of a power of sale" and did not require strict compliance. Id. (quoting M.G.L. c. 183, § 21).  The SJC has since affirmed that holding on several occasions, including in Pinti, and it is now well-settled that "strict or exact compliance" with the provisions of § 35A is "not a prerequisite of a valid foreclosure". Pinti, 33 N.E.3d at 1223-24; Thompson v. JPMorgan Chase Bank, N.A., 158 N.E.3d 35, 41 n.7 (Mass. 2020) (distinguishing standards of compliance imposed by paragraph 22 and § 35A).

Attempting to elide the distinction between a notice of default, to which Pinti applies, and a right-to-cure letter, to which it does not, Giannasca contends that the Second Right to Cure Letter is a "hybrid" notice, i.e. a notice sent to fulfill the mortgagee's obligations under both § 35A and paragraph 22. Hybrid notices, while permissible, are "potential[ly] complex[]" because of the differing standards of compliance required by § 35A and paragraph 22. Thompson 153 N.E.3d at 41 n.7.  Such complexity need not be resolved here, however, because neither of the Right to Cure Letters was a hybrid notice.  Unlike the Thompson mortgagee, defendants did not send a single notice

-8-

purporting to satisfy both § 35A and paragraph 22. Id. at 41.
Rather, the Notice of Default was sent in October, 2014,
followed several months later by the First Right to Cure Letter.
The Second Right to Cure Letter, which was not sent until
February, 2021, is also distinct.

In sum, Pinti has no application to this action.  The
language to which Giannasca objects appears in right-to-cure
letters with which Pinti is irrelevant.  Those letters,
moreover, are not "hybrid" notices implicating paragraph 22 such
that they might fall within Pinti's ambit.  As a result,
plaintiff's argument that the claims he asserts here were
unavailable in the Superior Court Action is unavailing.  Because
all four of his claims rely similarly on purported defects in
the Right to Cure Letters, they are all barred by res judicata.

In a last attempt to avoid the preclusive effect of the
judgment in the Superior Court Action, Giannasca contends that
the First Right to Cure Letter is a "nullity" because M.G.L. c.
§ 35A(a) provides that the right to cure a default "shall be
granted once during any 5-year period", and more than five years
have elapsed since the First Right to Cure Letter was sent.
That is also irrelevant.  Nothing about the present status of
the First Right to Cure Letter changes the fact that Giannasca

could have challenged the language to which he now objects in the Superior Court Action.

**ORDER**

For the foregoing reasons, defendants' motion to dismiss (Docket No. 11) is **ALLOWED.**

**So ordered.**

  /s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: July 20, 2022